34767. HARRIS *et al. v.* SARGENT *et al.*

DECIDED OCTOBER 23, 1953.

*N. T. Anderson, Jr.,* for plaintiffs in error.

*Norris C. Broome, Isaac Wengrow, R. B. Lambert, James L. Bullard,* contra.

FELTON, J. An action was originally instituted against a partnership allegedly composed of Joseph R. Martin and Chloe Stover, as contractors, and Mrs. Lucile Lee Sargent, as owner, to recover a personal judgment against the partners for labor and materials furnished for the improvement of real estate, and to obtain a lien on the owner's improved property. Chloe Stover is a party defendant to this action, but Joseph R. Martin is not a party because he absconded and could not be served. The petition was amended to allege that not only was the partnership indebted to the plaintiffs, but that the owner, Mrs. Sargent, was also indebted because she allegedly "expressly agreed with plaintiffs that she would also be liable to plaintiffs for said $185.50, cost of the installations to be made by plaintiffs, as set out in this petition," and by alleging that the labor and materials were procured also upon the express contract of the owner to be primarily liable for them. Assuming but not deciding that the evidence was otherwise sufficient, the evidence most favorable to the plaintiffs showed only that the owner, Mrs. Sargent,

agreed to guarantee a debt contracted by Martin as an individual, who it was contended was a member of the partnership, but who the evidence conclusively showed was not as to this transaction acting as a member of the partnership, if, in fact, there was a partnership. The petition must necessarily be construed to allege that the materials and labor were furnished to the partnership, because a second count, alleging that they were furnished to the individual Joseph R. Martin, was stricken upon the objection that it set forth a new cause of action and a new party defendant, and the exception to the striking of this count was abandoned. A contract guaranteeing the payment of a partnership debt and one guaranteeing the payment of an individual debt are two separate and distinct contracts, and the plaintiffs can recover only on the cause of action laid in the petition under the circumstances of this case. Also, the evidence did not show that the defendant owner agreed to be primarily liable to the plaintiffs for the materials and labor furnished by them. There was a fatal variance between the allegations of the petition as amended and the proof, and the Apellate Division of the Civil Court of Fulton County did not err in affirming the grant of nonsuits as to the defendants in this case.

*Judgment affirmed. Sutton, C. J., and Quillian, J., concur.*